THE PEOPLE, Plaintiffs, *v.* JAMES LONG, Defendant.

### ORIGINAL SUIT.

The county treasurer, under the law to provide for township organization, is allowed a commission of two per cent. on all sums received and paid into the State treasury, whether *the money is paid to him by the town collector,* the owner of the property, or the purchaser at a tax-sale. The commission allowed the treasurer is in full of the compensation he is to receive from the State for the performance of his duties.

The term, fees, as used in the township law, must be understood as referring only to the costs allowed the collector, for preparing the delinquent list for publication, for selling the lands under the order of the court, and for making conveyances thereof to the purchasers, which are to be paid by the owners of the property or the purchasers at the tax-sale.

A collector is reimbursed, by the sale of the lands, for the printer's fees; he has no legal claim for any of these fees, except for the portion charged on lands forfeited to the State.

THIS was an original suit, submitted to the court, upon an agreed state of facts between the auditor and the defendant, at June term, 1852.

B. C. COOK, for the people.

J. N. ARNOLD, for the defendant.

TREAT, C. J. This is an original suit brought in this court, in the name of the People of the State of Illinois against James Long. It is submitted to the court on an agreed state of facts,

in substance as follows : The defendant was treasurer of Cook county, and *ex officio* collector of the taxes thereof, for the year 1850, the township law being in force in that county ; the whole amount of the State tax collected by him, including the amount received from town collectors, and on the delinquent real estate, was $44,127.46, on which the auditor has allowed him a commission of two per cent. ($882.25) ; the auditor has also allowed him the sum of $33.72, the amount of printer's fees on sales of delinquent lands to the State ; the defendant, in pursuance of instructions contained in a circular of the auditor, of the 2d of April, 1851, advertised the list of delinquent real estate for judgment at the July term, 1851, of the Cook County Court, but the court refused to enter judgment against the lands, because, in its opinion, the advertisement was not made for the proper term ; the defendant then readvertised the list for the September term, and paid printer's fees therefor $108.70 ; the defendant, in addition to the two per cent. commission allowed him by the auditor, claims a commission of three per cent. on the amount of the taxes on the delinquent lands, ($9,940.62,) making the additional compensation thus claimed, $298.21 ; he also claims a credit for $133.68, the amount of printer's fees for the first advertisement of the delinquent list ; if he is not entitled to either of the credits claimed, a judgment is to be entered against him for $221.84, the balance due the State, as shown by the books of the auditor ; if he is entitled to the credits claimed, or either of them, then such judgment is to be entered as the court shall deem proper.

*First.* The act of the 17th of February, 1851, "to provide for township organization," requires the collector of each town to collect all taxes levied on property within its limits, and pay over the State and county tax to the county treasurer, after retaining three per cent. for his compensation. He is also required to return a list of the delinquent real estate to the county treasurer ; and it is made the duty of the latter to collect the taxes charged against such real estate, and, for that purpose, he is vested with the same powers that collectors possess in counties which have not adopted the township system. The act further provides, that " the county treasurer shall be allowed two per

cent. on the amount of State tax received and paid over into the State treasury." Thus far, there can be no doubt as to the compensation of the treasurer, for receiving and paying over the State's portion of the revenue. He is allowed a commission of two per cent. on all sums received and paid into the State treasury. He equally receives the tax, whether it is paid to him by the town collector, the owner of the property, or the purchaser at a tax-sale. But it is insisted that the treasurer is entitled to an additional compensation for collecting the taxes on the delinquent real estate, under another provision of the township law, in these words: " Said treasurer shall be entitled to like fees for delinquent real estate, and for travelling to the seat of government, as county collectors are entitled to under the revenue laws." This clause has reference to sect. 108, ch. 89, Rev. St., and to sect. 15 of an amendatory act, passed on the 27th of February, 1847. The former section provided, that " the following fees and compensation shall be hereafter allowed to the following officers and persons herein named, for services rendered under the provisions of this chapter. To each collector, for collecting and paying over taxes, five per cent. on the first thousand dollars, and three per cent. on all additional sums paid over that amount. For each collector's deed, twenty-five cents; and when more than one tract or lot is included therein, five cents for each additional tract or lot, to be paid to the collector by the person receiving such deed." The latter section provides, that " the collector shall be allowed ten cents for each tract of land, and three cents for each town lot sold, and for making the delinquent list for publication, two cents for each tract of land, and one cent for each town lot, to be collected as other costs." The term, fees, as used in the township law, must be understood as referring only to the costs allowed the collector, for preparing the delinquent list for publication, for selling the lands under the order of the court, and for making conveyances thereof to the purchasers; and not as referring to the compensation of the collector for collecting and paying over the taxes. The township law allows the county treasurer a commission on all taxes received by him and paid into the State treasury; and that commission is in full of the compensation he is to receive from the State for the per-

formance of his duties. The clause in question was inserted in the township law, in order to secure him the fees which collectors are allowed on the sale of delinquent real estate. The term *fees* is used in reference to the costs allowed the collector, and which are paid by the owner of the property or the purchaser; while the term *compensation* applies to the commissions of the collector, which are paid by the State. In our judgment, the treasurer is not entitled to the additional commissions claimed.

*Second.* The 15th section of the act of the 27th of February, 1847, gives the printer, for publishing the delinquent list, ten cents for each tract of land, and three cents for each town lot, to be taxed as costs against the property. The 16th section of the act of the 6th of November, 1849, requires the collector to pay the fees of the printer; and the 18th section directs the auditor to credit the collector with the amount of the printer's fees on the real estate sold to the State. The fees for publication are charged as costs against the property, and collected as such. The collector pays them in the first instance, and he is reimbursed by the sale of the lands. He has no legal claim against the State for the costs thus advanced, except the portion charged on the lands forfeited to the State; and to that extent the treasurer has been credited in this case. We do not deem it material to inquire whether the circular of the auditor was correct, or whether the court erred in refusing to enter judgment on the first advertisement. Be that as it may, neither the auditor nor this court has any authority to allow the treasurer a credit, for more than the amount of the printer's fees on the lands purchased by the State. If he has any cause for complaint in this matter, he must seek relief from the legislature.

Judgment must be entered against the defendant for $221.84.

*Judgment for the People.*